# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION, COLUMBUS

| | |
|---|---|
| MEDARBOR LLC ) | |
| ) | Case No. 2:17-cv-00442-MHW-CMV |
| Plaintiff, ) | |
| ) | District Judge Michael H. Watson |
| v. ) | Magistrate Judge Chelsey M. Vascura |
| ) | |
| OHIO RIVER LABORATORY/IPATH, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## STIPULATION REGARDING CONFIDENTIAL
## INFORMATION AND PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** on October 3, 2017, between and among the parties hereto, MedArbor, LLC, Ohio River Laboratory/iPath, LLC, Uday R. Shah, and Mitali Uday Shah (collectively, the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws; state laws; trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information; and privacy rights, the parties will agree as follows:

1. In this Stipulation Regarding Confidential Information and Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding Case No. 2:17-cv-00442-MHW-CMV.

   b. "Court" means the Honorable Michael H. Watson, Magistrate Judge Chelsey M. Vascura, or any other judge to whom the Proceeding may be assigned, including Court staff participating in such proceedings.

c.  "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d.  "Confidential Information" means any Documents, Testimony, Information, Materials, or Discovery Response as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.  "Designating Party" means the Party that designates Information as "Confidential."

f.  "Disclose" or "Disclosed" or "Disclosure" means to produce, reveal, divulge, give, or make available materials, or any part thereof, or any Information contained therein.

g.  "Discovery Request" means any formal request for Information in the Proceeding. "Discovery Request" includes: (a) any formal document request; (b) any formal interrogatory; (c) any formal request for admissions; and (d) any subpoena or subpoena *duces tecum*.

h.  "Discovery Response" means all Information produced in response to any Discovery Request as defined above. "Discovery Response" includes answers or responses provided or objections asserted in response to any Discovery Request.

i.  "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Ohio law, which have been produced in

discovery in the Proceeding by any person, and (ii) any copies, reproductions, reports, or summaries of all or any part of the foregoing.

j. "Information" means any and all information, including but not limited to the content of Documents, Testimony or Discovery Responses, in whatever form that such Information may be kept, retained, or stored, whether paper, recordings, electronically stored, or otherwise.

k. "Testimony" means all depositions, declarations, affidavits, or other testimony obtained, taken, or used in the Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Information, including but not limited to Documents, Testimony, Materials, or Discovery Responses that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law or business practice.

3. All Confidential Information shall not be Disclosed to any person or entity except in accordance with the terms, conditions, and instructions of this Stipulation and Protective Order. Any employee, agent, expert witness, or other person who receives any Confidential Information shall enter into a Consent Agreement, agreeing to be bound by the terms of this Stipulation

4. The entry of this Stipulation and Protective Order, and *inter alia*, the production of Information pursuant hereto, does not prejudice, alter, waive, modify or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, other privileges or protections, or any Party's right to contest any such assertion.

5. Any Information, including but not limited to Documents, Testimony, or Material to be designated as "Confidential" should be clearly designated.

    a. For Documents or Discovery Responses (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party should designate Confidential Material.

    b. For Testimony given in depositions, the Designating Party should either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, electronically stored information, compact discs or DVDs, the Designating Party should affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of

the Information or item warrant protection, the Designating Party, to the extent practicable, should identify the "Confidential" portions.

6. For Information, Documents, or Testimony produced in the form of access to a database or some other medium in which it is not feasible to affix the "Confidential" legend, the Parties agree that such Information, Documents, or Testimony (except publicly filed pleadings), shall be deemed "Confidential" and that providing such access does not constitute a waiver of any privilege or protection afforded such Information, Documents, or Testimony. Any and all electronically stored information that is produced shall be considered "Confidential" regardless of whether designated as such prior to producing same.

7. In the case of any Information, including but not limited to Documents, Testimony, Materials, or Discovery Responses Disclosed by a non-Party, the designation also may be made by a Party requesting that the non-Party's Information, including Documents, Testimony, Materials, or Discovery Responses be stamped or identified in some other fashion, such as "CONFIDENTIAL [NAME OF PERSON'S] DESIGNATION," in accordance with paragraph 6 hereof.

8. Any Information, including Document, Testimony, Materials, or Discovery Responses produced by a non-Party will be treated as confidential by all Parties if so designated by the non-Party or by a Party.

9. The production by any of the undersigned Parties or non-Parties to the Proceeding of any Information during discovery in the Proceeding with or without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party or non-Party shall not be held to have waived any rights by such production. In the event that any Information, that is subject to a "Confidential" designation is produced without such designation,

the Party or non-Party that produced the document should give written notice of such production within thirty (30) days of discovery of the production, together with a further copy of the subject Document, Testimony, Information, or Discovery Response designated as "Confidential" (the "Production Notice"). Upon receipt of such Production Notice, the Party that received the produced Information shall promptly segregate and maintain as "Confidential" pending further proceedings set forth in Paragraph 10 below the produced Information and all copies thereof. This provision is not intended to apply to any production of any Information protected by attorney-client or work product privileges, which shall be returned within ten (10) days after notice from a Party. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Information such law shall govern.

10. In the event that counsel for a Party receiving Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Information to which each objection pertains, and the specific reason and support for such objections (the "Designation Objections") and file a motion with the Court seeking to uphold any or all objections to any designations of Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Information, at issue in such Motion shall remain in place.

11. Access to and/or Disclosure of Confidential Information shall be permitted only to the following persons:

    a. the Court;

    b. any mediator, special master, arbitrator, or other person conducting another alternative dispute resolution process in this Proceeding;

c. (i) attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party and (ii) the Parties' in-house counsel, and such other persons regularly employed by the Parties, who are involved in or consulted with respect to the prosecution or defense of this Proceeding or handling the underlying claims, including claims representatives of any Party; provided, however, that each non-lawyer given access to Confidential Information shall be advised that such Information is being Disclosed pursuant to, and is subject to, the terms of this Stipulation and Protective Order and that it shall not be Disclosed other than pursuant to its terms;

d. insurers, reinsurers, retrocessionaires, accountants, regulators, auditors, and any other person to whom the Parties have a contractual, regulatory, or statutory obligation to report; provided, however, that each such person given access to Confidential Information shall be advised that such Information is being Disclosed pursuant to, and is subject to, the terms of this Stipulation and Protective Order and that it shall not be Disclosed other than pursuant to its terms;

e. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Information, or who is currently or was previously an officer, director, partner, member, employee, representative, or agent of an entity that has had access to the Confidential Information; provided, however, that prior to the Disclosure of Confidential Information

to any such officer, director, partner, member, employee, representative, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the Consent form attached hereto and incorporated by reference as Exhibit A;

f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Information and who has a legitimate basis for receiving such Information; provided, however, that prior to the Disclosure of Confidential Information to any such deposition or non-trial witness in the Proceeding, counsel for the Party desiring to make the Disclosure shall notify in writing the Designating Party and deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the Consent form attached hereto as Exhibit A. Any Party may object to disclosure of Confidential Information to any such witness and no disclosure of Confidential Information shall occur until resolved and agreed in writing by the objecting Party or order of the Court;

g. outside experts or consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Information to any such expert or consultant, counsel for the

Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the Consent form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

    h.    court reporters in the Proceeding (whether at depositions, hearings, or any other proceedings) and other persons involved in recording depositions, hearings, or any other proceedings;

    i.    employees of imaging, copying, scanning, or microfilming services utilized with respect to the Proceeding;

    j.    employees of litigation support vendors utilized with respect to the Proceeding; and

    k.    any other person that the Designating Party agrees to in writing.

12. Confidential Information shall be used by the persons receiving it only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding — including any mediation, arbitration, or other alternative dispute resolution process connected with the Proceeding — and not for any business or other purpose whatsoever. Nothing in this Stipulation and Protective Order, however, restricts the use that a Party may make of any Documents or Information Disclosed by it. Nor does this Stipulation and Protective Order preclude the use of any Documents or Information possessed or obtained by any

Party outside of this Proceeding merely because the Document or Information has been Disclosed in the Proceeding and has been marked "Confidential."

13. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

14. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

   a. operate as an admission by any person that any particular Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential, or competitively sensitive business, commercial, financial, or personal information; or

   b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

      i. to seek a determination by the Court of whether any particular Confidential Information should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

      ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Information, including Document, Material, or Discovery Response.

15. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

16. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Information receives a subpoena or other process or request ("Subpoena") from any person, entity, government entity, or other person demanding production of Confidential Information, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information, and/or seek to obtain confidential treatment of such Confidential Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Information, pursuant to the Subpoena prior to the date specified for production on the Subpoena.

17. Nothing in this Stipulation and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Information requires additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

18. If, after execution of this Stipulation and Protective Order, any Confidential Information submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized

by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure of it or the recipient of the Confidential Materials.

19. Where any Confidential Information, or other information derived from Confidential Information, is included in any motion or other proceeding governed by Ohio law, the Party shall follow those rules. With respect to discovery motions or other proceedings not governed by Ohio law, the following shall apply: If information derived from Confidential Information (e.g., a summary of information created from Confidential Information) is submitted to or otherwise Disclosed to the Court in connection with discovery motions and proceedings, the same shall be filed in compliance with Local Rule 5.2.1.

20. The Parties shall attempt to agree upon procedures to protect at any hearing the confidentiality of Information, including Documents, Testimony, Information, or Discovery Responses filed under seal, as well as for use of Confidential Information at trial, and shall move the Court for entry of an appropriate order, if necessary.

21. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Information.

22. This Stipulation and Protective Order shall continue to be binding after the conclusion of the Proceeding and all subsequent proceedings arising from the Proceeding, including any appeal or retrial, except that a Party may seek the written permission of the

Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Information and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the one copy of each exhibit marked at the deposition; and to the extent a Party needs to retain Confidential Information for legitimate business reasons, it may do so but such Confidential Information shall remain subject to this Order), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Information, or (c) as to any Information, Documents, Testimony, or Discovery Response not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Information. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

24. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. The Parties, counsel and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order,

the Parties and counsel agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

25. This Stipulation and Protective Order may be executed in counterparts.


*/s/ Brian E. Dickerson*
Brian E. Dickerson, Esq. (0069227)
FISHERBROYLES, LLP
2390 Tamiami Trail North, Suite 100
Naples, FL 34103
(202)570-0248
brian.dickerson@fisherbroyles.com
Amy L. Butler, Esq. (0075714)
6800 W. Central Ave., Suite E
Toledo, OH 43617
(419) 214-1050
amy.butler@fisherbroyles.com
*Attorneys for Plaintiff*

*/s/ Jeffrey S. Sharkey*
Jeffrey S. Sharkey, Esq. (0067892)
Christopher C. Hollon, Esq. (0086480)
FARUKI IRELAND COX RHINEHART &
DUSING P.L.L.
110 North Main Street, Ste. 1600
Dayton, Ohio 45402
(937)227-3710
jsharkey@ficlaw.com
chollon@ficlaw.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION, COLUMBUS**

| | |
|---|---|
| MEDARBOR LLC ) | |
| ) | Case No. 2:17-cv-00442-MHW-CMV |
| Plaintiff, ) | |
| ) | Judge Michael H. Waston |
| v. ) | Magistrate Judge Chelsey M. Vascura |
| ) | |
| OHIO RIVER LABORATORY/IPATH, LLC, et ) | |
| al. ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order. The Parties are hereby ordered to comply with the Stipulation and Protective Order. The Court shall retain jurisdiction over this Stipulation and Protective Order in order to interpret, enforce, and award relief regarding this matter.

**IT IS SO ORDERED.**

                                                                                                             */s/ Chelsey M. Vascura*
                                                                                                             CHELSEY M. VASCURA
                                                                                                              UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION/EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Case No 2:27-CV-00442-MHW-CMV. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in the Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of the Proceeding, any Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in the Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of Ohio, that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

BY: _____
       Signature
       Title:
       Address:
       City, State, Zip:
       Telephone Number